ROBINSON *v.* McDONALD ET AL.

*Schools — Fraud or gross abuse of discretion by board — Prerequisite to interference by court, when — Bond issue for new building — Levy therefor excessive, when — Injunction.*

1. The courts will not interfere with a board of education in the transaction of its business, unless it affirmatively appears from clear and convincing proof that the acts complained of amount to a gross and wanton abuse of discretion.
2. The court finds that statutory provisions will not permit of a bond issue by the defendant special school district in excess of $18,000 for the erection of a new school building, and the issue of bonds in excess of that amount is enjoined.

(Decided February 17, 1916.)

APPEAL: Court of Appeals for Coshocton county.

*Mr. W. S. Merrell,* for plaintiff.

*Mr. George D. Klein* and *Mr. Thomas H. Wheeler,* for defendants.

HOUCK, J.   This cause is here on appeal from the common pleas court of Coshocton county.

The plaintiff, W. L. Robinson, is a resident and taxpayer of the Conesville special school district of Coshocton county, Ohio, and instituted this suit for the benefit of himself and other taxpayers of said school district, in which it is sought to enjoin the defendants, S. B. McDonald and others, constituting the board of education of the Conesville special school district, from issuing and selling certain bonds amounting to $25,000, which had been authorized by vote of the voters of the district, for the purpose of erecting a new school building in said district.   The bonds were to be of the face value of $500 each and to bear five per cent. interest, two bonds and the interest thereon to be paid each year until all had been paid.   Plaintiff also sought to enjoin the board of education from razing the old school buildings now in use, and from erecting a new one in place of the old.

The case was heard in the court below, plaintiff was granted all the relief prayed for in his amended petition, and a perpetual injunction was issued against the board of education restraining it from issuing and selling said bonds, razing the old school buildings and erecting a new one.   From the judgment of the court below the defendant appealed to this court, and the case was heard here on the original pleadings, certain facts agreed to by the parties, and a transcript of the testimony used in the trial below.

But two questions are presented in this controversy for the determination of the court, namely:

1. Did the board of education abuse its discretion in the premises?

2. Is the board of education authorized by law to issue and sell said bonds, and can a tax levy sufficient to pay same and the interest thereon be legally levied on the taxable property of the district?

For the sake of brevity we will discuss these two questions together. Courts will not interfere with a board of education in the transaction of its business, or in the performance of its acts which are authorized by law, unless it affirmatively appears by clear and convincing proof that such acts amount to a gross and wanton abuse of discretion. Whatever may be the rule elsewhere, it is clear to us that, in this state, courts are not inclined to and in fact will not restrain the official acts of a board of education unless they savor of fraud or a gross and intentional abuse of discretion, and the acts complained of must be wrongful, collusive and arbitrary.

From an examination of the transcript of the testimony in this case, we are fully convinced that the board of education acted in good faith. It was authorized by a vote of those entitled to vote in the district to do just what it was seeking to do, and therefore it can not be properly claimed that it acted arbitrarily and without some authority in the premises. At least a majority of the voters of the district sanctioned what the board attempted to do.

But the more serious question in the case at bar, and the one which has caused us much research and examination of statutes, is: Will the tax value of

the property in the district in question and the tax
levy authorized by law warrant or permit the issu-
ance and sale of bonds to the amount of $25,000?
We must answer this in the negative.   Without
referring to the sections of the General Code of
Ohio covering the question at issue here,. and by
which we must be governed in its solution, we deem
it only necessary to say that we are of the opinion
that the tax valuation of the property in said school
district is sufficient to permit the issuance and sale
of bonds to the amount of $18,000, and that the
legal tax levy for school purposes will be sufficient
to pay the interest thereon and retire a sufficient
amount of the bonds each year, as well as provide
an adequate fund to properly maintain the school
during said time.

It is certainly apparent from an examination of
the testimony submitted, and in fact it is not con-
tradicted, that the present buildings are inadequate
and insufficient for the requirements of the pupils
of the district, and that they are old and in need of
much repair; which, if made, would not sufficiently
meet the necessities of the district.

In view of all these facts, and in order that
proper and adequate school facilities may be had
by the youth of this district, we hereby dissolve the
perpetual injunction allowed by the common pleas
court, save and except as to the issuing and selling
of bonds in excess of $18,000, each party to pay his
own costs.

Judgment may be entered in accordance with the
views herein expressed, authorizing the issuance
and sale of bonds in an amount not to exceed

$18,000, but enjoining the issuance and sale of any bonds in excess of said sum of $18,000.

*Judgment accordingly.*

SHIELDS and POWELL, JJ., concur.